# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-09068 MMM (PJWx) | Date | January 5, 2012 |

| | |
|---|---|
| Title | *Neva Day v. Sears Holdings Corp., et al.* |

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Action Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction

     Plaintiff Neva Day commenced this action on October 6, 2011 in California Superior Court in the county of Los Angeles against defendants Sears Holdings Corporation, Sears Holdings Management Corporation, Sears, Roebuck and Company, Sears Outlet Stores, LLC, and certain fictitious defendants, Does 1 through 100.

     On November 1, 2011 defendants removed the case to this court. Defendants allege that the amount in controversy exceeds $75,000, and that the court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Specifically, defendants assert that plaintiff Day is a resident of California; Sears Holding Corporation is incorporated under the laws of Delaware with a principal place of business in Illinois; Sears Holding Management Corp. is incorporated under the laws of Delaware with a principal place of business in Illinois; Sears, Roebuck and Company is incorporated under the laws of New York with a principle place of business in Illinois; and Sears Outlet Stores, LLC is incorporated under the laws of Delaware with a principal place of business in Illinois. Defendants make no allegations, however, regarding the citizenship of defendant Sears Outlet Stores LLC's members.

     District courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all

plaintiffs must have citizenship different than all defendants.  See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806).  See also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 & n.3 (1996).  For diversity purposes, a partnership is treated as a citizen of each state in which any partners or members are citizens.  See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987).

The citizenship of a limited liability company (LLC) for diversity purposes is determined in the same manner as that of a partnership, in that an LLC is a citizen of each state of which one of its members is a citizen.  See *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("LLCs resemble both partnerships and corporations.  Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. . . .  We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens," citations omitted); *TPS Utilicom Services, Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company ('L.L.C.') is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.  For diversity, the citizenship of *each member* of the partnership must be considered," citations omitted).

Here, Day is a resident of Los Angeles, California.[1]  The defendants' removal alleges that defendant Sears Outlet Stores, LLC is incorporated under the laws of Delaware with a principal place of business in Illinois.[2]  The complaint, however, does not allege the citizenship of any of the individual members of Sears Outlet Stores, LLC, or whether Sears Outlet Stores, LLC is a single member LLC.  As a result, the court is unable to determine whether there is complete diversity of citizenship between plaintiff and defendant.

Accordingly, the court directs the defendants to show cause, on or before **January 30, 2012**, why the action should not be dismissed for lack of subject matter jurisdiction.  Defendants must demonstrate that there is complete diversity between all of defendant's partners and plaintiff.

---

[1] Notice of Removal from the Superior Court of California, Los Angeles County, case number BC471046 with conformed copies of summons and complaint., Docket No. 1 ¶ 3 (Nov. 1, 2011).

[2] *Id.*, ¶ 4.